IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DERRICK W. THYMES                  §
                                   §
    Plaintiff,                     §
                                   §
v.                                 §  CIVIL ACTION NO. H-17-2834
                                   §
GILLMAN COMPANIES AND GILLMAN      §
AUTOMOTIVE GROUP,                  §
                                   §
    Defendants.                    §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss Under Rules of Civil Procedure 12(b)(6) and 9(b) ("Motion to Dismiss") (Docket Entry No. 7) and the Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition") (Docket Entry No. 10). Plaintiff brings five causes of action: (1) violations of the Federal Trade Commission ("FTC") Safeguard Rule and the Gramm-Leach-Bliley Act ("GLBA"); (2) negligence; (3) disclosure of private consumer financial information in violation of the GLBA; (4) identity theft and fraud; and (5) breach of implied Contract.[1] Defendant moves to dismiss all causes of action.[2]

---

[1] See Complaint, Docket Entry No. 1, pp. 4-10.

[2] See Defendant's Motion to Dismiss Under Rules of Civil Procedure 12(b)(6) and 9(b) ("Motion to Dismiss"), Docket Entry No. 7.

A.  Causes of Action (1) and (3)

Having considered the arguments and authorities cited by the parties the court concludes that the Plaintiff has no cause of action under the GLBA, 15 U.S.C. § 6801 et seq or under the FTC Safeguard Rule, 16 C.F.R. § 314.1 et seq. Neither the GLBA nor the FTC Safeguards Rule authorizes a private cause of action. Section 6805(a) of the GLBA provides an express enforcement mechanism that states:

> this subchapter and the regulations prescribed thereunder shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to financial institutions and other persons subject to their jurisdiction under applicable law . . .

15 U.S.C. § 6805(a). Section 314.1 of the FTC Safeguard Rule states that it "implements Sections [6801] and [6805(b)(2)] of the Gramm-Leach-Bliley Act." 16 C.F.R. § 314.1(a). Courts in the Northern District of Texas have held that the "GLBA does not create a private right of action." Hall v. Phenix Investigations, Inc., Civil Action No. 3:14-0665-D, 2014 WL 5697856, at *9 (N.D. Tex. Nov. 5, 2014); Borinski v. Williamson, Civil Action No. 3:02-1014, 2004 WL 433746, at *3 (N.D. Tex. March 1, 2004). The court in Hall explained that "[c]onsidering that Congress expressly provided for administrative and criminal enforcement of GLBA, 'it is highly improbable that Congress absentmindedly forgot to mention an intended private action.'" Hall, 2014 WL 5697856 at *9 (quoting Transamerica Mortgage Advisors, Inc. v. Lewis, 100 S. Ct. 242, 247

2

(1979)).

Based on the plain readings of the statute and the regulation, the court agrees with the holdings of Hall and Borinski that the GLBA does not provide a private right of action. Because the FTC Safeguards Rule implements the enforcement provision of the GLBA, and because the GLBA does not provide a private cause of action, the court concludes that the FTC Safeguards Rule does not provide a private cause of action. Therefore Plaintiff's claims under the GLBA and the FTC Safeguard Rule, causes of action number (1) and number (3), will be dismissed.

B. **Cause of Action (2)**

To state a claim for negligence in Texas a plaintiff must plead facts showing (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. Boudreaux v. Swift Transportation Co., Inc., 402 F.3d 536, 540-41 (5th Cir. 2005). Accepting all of Plaintiff's factual allegations as true the court concludes that Plaintiff has pled enough facts to plausibly state a claim for relief for negligence.

C. **Cause of Action (4)**

Defendant argues that because Plaintiff's cause of action for identity theft and fraud "fails to identify any common law or statutory claim by its elements, [and] does not even allege any wrongful conduct against Gillman Subaru or the named Defendants

. . . it should be dismissed."[3] The court agrees. Plaintiff's Complaint states that "fraudsters have committed a variety of crimes with his personal information"[4] and that "criminals have heretofore misused his personal information."[5] Plaintiff fails to allege that Defendant committed any wrongful act under common law or statute. Moreover, Plaintiff failed to meet the pleading requirements for a common law fraud claim. Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard on fraud claims. See <u>United States ex rel. Williams v. Bell Helicopter Textron Inc.</u>, 417 F.3d 450, 453 (5th Cir. 2005). A party must state with particularity circumstances alleged to constitute fraud. See <u>Campbell v. Bravo Credit</u>, Civil Action No. H-14-2794, 2015 WL 502234, at *5-*6 (S.D. Tex. Feb. 5, 2015). "This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." <u>Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.</u>, 565 F.3d 200, 207 (5th Cir. 2009) (internal quotation marks and citations omitted). Because Plaintiff has not pled the "who, what, when, and where" of the alleged fraud, Plaintiff fails to state a claim for common law

---

[3]Motion to Dismiss, Docket Entry No. 7, p. 5.

[4]Complaint, Docket Entry No. 1, p. 7 ¶ 31.

[5]<u>Id.</u> p. 7 ¶ 32.

fraud.

D. **Cause of Action (5)**

Plaintiff's Complaint alleges:

> that by accepting receipt of Plaintiff's personal data, Defendants obligated themselves to securely protect and safeguard that information from disclosure to cyber-criminals, rogue employees and the like; Defendants herein failed in their obligation to the Plaintiff.[6]

Defendant argues that Plaintiff's cause of action for breach of implied contract should be dismissed because Plaintiff has not pled any facts that support the elements of a breach of implied contract claim.[7] In his Opposition Defendant's Motion to Dismiss, Plaintiff argues that "the breach of implied contract references the breach of Defendants' duty as imposed by both the [Fair Credit Reporting Act] and the [Texas Deceptive Trade Practices-Consumer Protection Act] to safeguard the personal data of consumers that they have in custody and control."[8] Plaintiff misunderstands the elements of a claim for breach of implied contract.

"To state a claim for breach of an implied contract, a plaintiff must plead the existence of a valid implied contract, performance or tendered performance by the plaintiff, breach of the implied contract by the defendant, and damages resulting from the

---

[6]Id. p. 8 ¶ 37.

[7]Motion to Dismiss, Docket Entry No. 7, p. 6.

[8]Plaintiff's Opposition to Defendant's Motion to Dismiss, Docket Entry No. 10, p. 6.

breach." Electrostim Medical Services, Inc. v. Health Care Service Corp., 614 Fed. App'x 731, 744 (5th Cir. 2015). To plead the existence of a valid implied contract, a plaintiff must establish "(1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." Id. Because Plaintiff has not pled facts that would plausibly support the elements of a breach of implied contract, Plaintiff fails to state a claim upon which relief may be granted.

**E. Conclusion and Order**

Because the GLBA and the FTC Safeguard Rule do not give Plaintiff a private right of action, claims (1) and (3) are **DISMISSED WITH PREJUDICE**. Because Plaintiff does not provide sufficient facts to plausibly support a cause of action for identity theft and fraud, or breach of an implied contract, Plaintiff is ordered to amend his complaint within 20 days setting forth the facts to support these claims.

**SIGNED** at Houston, Texas, on this the 9th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE