IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DERRICK W. THYMES, §
　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　§
v. § CIVIL ACTION NO. H-17-2834
　　　　　　　　　　　　　§
GILLMAN COMPANIES and GILLMAN §
AUTOMOTIVE GROUP, §
　　　　　　　　　　　　　§
　　　　　Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Derrick W. Thymes ("Plaintiff" or "Thymes") brings five causes of action against Defendant Gillman Subaru, Inc. ("Defendant" or "Gillman") for: (1) violations of the Fair Credit Reporting Act ("FCRA"); (2) negligence; (3) disclosure of private consumer financial information and invasion of privacy; (4) deliberate theft of Plaintiff's identity by employees of Defendant; and (5) breach of fiduciary duty.[1] Pending before the court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") (Docket Entry No. 18).

### I. Factual Allegations and Procedural Background

Plaintiff initially brought this action on September 20, 2017, asserting causes of action for (1) violations of the Federal Trade Commission ("FTC") Safeguard Rule and the Gramm-Leach-Bliley Act

---

[1]See First Amended Complaint, Docket Entry No. 17, pp. 3-8.

("GLBA"); (2) negligence; (3) disclosure of private consumer financial information in violation of the GLBA; (4) identity theft and fraud; and (5) breach of implied Contract.² Defendant filed a motion to dismiss Plaintiff's original complaint (Docket Entry No. 7). On March 9, 2018, the court dismissed with prejudice Plaintiff's federal claims under the FTC Safeguard Rule and the GLBA, and ordered Plaintiff to amend his complaint setting forth facts to plausibly support a cause of action for identify theft and fraud, and breach of an implied contract. (Docket Entry No. 14).³

In Plaintiff's First Amended Complaint he alleges that he purchased a car from Defendant in September of 2015.⁴ Although Plaintiff's bank had pre-approved his auto loan, Defendant requested that Plaintiff complete its finance application from Ally Financial.⁵ After the purchase Plaintiff drove nonstop from the dealership to his home in Louisiana.⁶ By December of 2015 debt collectors began contacting Plaintiff and utility accounts in Texas were opened under Plaintiff's name.⁷ Plaintiff alleges that "Defendant failed to maintain an adequate identity theft protection

---

²See Complaint, Docket Entry No. 1, pp. 4-10.

³See Memorandum Opinion and Order, Docket Entry No. 14.

⁴First Amended Complaint ("Amended Complaint"), Docket Entry No. 17, p. 2 ¶ 5.

⁵Id. at 2 ¶¶ 6-9.

⁶Id. at 2-3 ¶ 10.

⁷Id. at 3 ¶ 11.

and document security program; and thus, improperly secured his personal information . . . ."[8] Plaintiff alleges that he "personally notified Defendant . . . that his identity had been stolen" but that Defendant "took no action to utilize the assistance of law enforcement agencies (State or Federal) or otherwise conduct an internal investigation to ascertain how Plaintiff's personal information had been compromised."[9] Plaintiff brings five causes of action in his Amended Complaint.[10] Defendant moves to dismiss all claims, except negligence, under Federal Rule of Civil Procedure 12(b)(6) and, if the court dismisses Plaintiff's federal claim, moves to dismiss any remaining state law claims under Rule 12(b)(1) for lack of supplemental jurisdiction.[11]

## II. Standard of Review

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pleading must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of

---

[8] Id. at 3 ¶ 12.

[9] Id. at 3 ¶ 14.

[10] See id. at 3-8 ¶¶ 16-43.

[11] See Motion to Dismiss, Docket Entry No. 18, p. 13.

'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Insurance Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to [Rule] 12(b)(6), claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty

Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

III. Analysis

A. Plaintiff Fails to State a Claim Under the FCRA

Plaintiff did not respond to Defendant's Motion to Dismiss by the submission day, May 3, 2018.[12] Accordingly, the court treats the arguments as unopposed by Plaintiff.[13] As such, this court may dismiss the claims as abandoned. See Black v. North Panola School Dist., 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that the plaintiff's failure to defend a claim in responses to motions to dismiss or to otherwise pursue it beyond her complaint constituted abandonment of the claim) (citing Vela v. City of Houston, 276 F.3d 659, 679 (5th Cir. 2001)).

Alternatively, Plaintiff's only federal claim for violation of the FCRA, 15 U.S.C § 1681s-2, has no merit whether the court treats it as abandoned or not. Section 1681s-2(a) of the FCRA provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or

---

[12]Defendant filed its Motion to Dismiss on April 12, 2018 (Docket Entry No. 18). This district's local rules state that "[o]pposed motions will be submitted to the judge 21 days from filing" and that responses to motions "[m]ust be filed by the submission day[.]" Local Rules of the United States District Court for the Southern District of Texas, Rules 7.3, 7.4.

[13]See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

has reasonable cause to believe that the information is inaccurate." 15 U.S.C § 1681s-2(a)(1)(A). Although the FCRA does not create a private right of action for violations of subsection (a) of Section 1681s-2, it does create one for violations of subsection (b) of Section 1681-2. See Conrad v. Barclays Bank Delaware, Civil Action No. 4:17-1045, 2017 WL 7796344 at *2 (S.D. Tex. July 27, 2017) (citing cases in this district that concluded that a private right of action under § 1681s-2(b) exists). Pursuant to Section 1681s-2(b), once a "furnisher of information" is notified of a dispute "with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," the person shall, inter alia, "conduct an investigation with respect to the disputed information . . . [and] report the results of any such investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1); see also Young v. Equifax Credit Information Services, Inc., 294 F.3d 631, 639 (5th Cir. 2002). The consumer reporting agency must give notice of a dispute to the furnisher of information, and "[s]uch notice is necessary to trigger the furnisher's duties under Section 1681s-2(b)." Young, 294 F.3d at 639 (citing 15 U.S.C. § 1681s-2(b)(1)); see also SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d Cir. 2011) ("Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer.").

Plaintiff alleges that Defendant's employees "coaxed said Plaintiff to finance the transaction through another lender" and that "[o]nce the dealership contacted consumer reporting agencies regarding Plaintiff, the dealership is then a 'furnisher' under the FCRA whereby imposing a duty on Defendant to investigate and respond to claims from consumers (i.e., Plaintiff)."[14] Plaintiff alleges that Defendant "failed to respond, let alone investigate, once Mr. Thymes notified them that his identity had been stolen and was being used throughout southeast Texas to open numerous utility accounts."[15]

Although Plaintiff complains that his identity was stolen and that Defendant failed to investigate, he does not allege facts that implicate the FCRA. First, Plaintiff does not allege that Defendant furnished <u>inaccurate</u> information to a credit reporting agency. See 15 U.S.C. §§ 1681s-2(a); 1681s-2(b)(1)(A). Second, Plaintiff does not allege that he disputed the completeness or accuracy of the information with the credit reporting agency. See id. § 1681s-2(b). Third, Plaintiff alleges that "Mr. Thymes notified [Defendant] that his identity had been stolen . . ." but fails to allege that the credit reporting agency gave the requisite notice to Defendant.[16] Young, 294 F.3d at 639. Because Plaintiff's

---

[14]First Amended Complaint, Docket Entry No. 17, p. 4 ¶ 18.

[15]Id. ¶ 19.

[16]Id.

identify theft allegations do not fall within the FCRA, Plaintiff fails to state a claim upon with relief may be granted. Accordingly, Defendant's Motion to Dismiss will be granted as to Plaintiff's FCRA claim, and the claim will be dismissed with prejudice.

Plaintiff also alleges that the court has diversity jurisdiction under 28 U.S.C. § 1332.[17] However, at the March 9, 2018, scheduling conference Plaintiff conceded that he does not have sufficient damages to satisfy the amount-in-controversy requirement for diversity jurisdiction.[18] Plaintiff's concession and his lack of response to Defendant's Motion to Dismiss persuade the court that the court does not have diversity jurisdiction. The court therefore must decide whether to maintain Plaintiff's state law claims under supplemental jurisdiction.

**B.  The Court Declines to Exercise Supplemental Jurisdiction**

Federal courts are courts of limited jurisdiction that adjudicate claims arising from violations of federal law including the United States Constitution, claims in which diversity of the parties is present, and pendent state law claims over which the court may exercise supplemental jurisdiction. See 28 U.S.C.

---

[17]Id. at 1.

[18]Transcript of March 9, 2018, Hearing on Initial Conference, Volume 1 of 1 Volume, Docket Entry No. 20, p. 5 lines 19-20 and p. 6 lines 1-2 ("At this point, we probably come in under the $75,000, to be quite frank with you, Your Honor. . . . It doesn't amount to $75,000 at this point . . . .").

§ 1367(a) ("Except as [otherwise] provided . . . the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Since the court has concluded that Plaintiff's only federal claim will be dismissed, the court must decide whether to exercise supplemental jurisdiction over the remaining, pendent state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction.").

In Carnegie-Mellon University v. Cohill, 108 S. Ct. 614, 619 n.7 (1988), the Court stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Moreover, the general rule in this circuit is to dismiss state law claims when the federal claims they supplement are dismissed. Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992) (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)); see also United Mine Workers of America v. Gibbs, 86 S. Ct. 1130, 1139 (1966) (ordinarily, when the federal claims are dismissed before trial the

pendent state claims should be dismissed as well). The dismissal of the supplemental state law claims should expressly be without prejudice so that the plaintiff may refile her claims in the appropriate state court. Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999).

Because the court has concluded that the Plaintiff's federal claim should be dismissed for failure to state a claim for which relief may be granted, and because this action is still at an early stage, the court declines to exercise supplemental jurisdiction over any claims that the plaintiff has alleged under state law.

## IV. Conclusion

For the reasons stated above, Plaintiff's FCRA claim is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, and Plaintiff's remaining state law claims for negligence, disclosure of private consumer financial information and invasion of privacy, deliberate theft, and breach of fiduciary duty are **DISMISSED without prejudice** for lack of jurisdiction.

**SIGNED** at Houston, Texas, on this the 18th day of June, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE